IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA SPENARD, #294803, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:18-CV-80-WHA |
| | ) |
| DENNIS MEEKS and SCOTT RACZ, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Joshua Spenard, an indigent state inmate. In this case, Spenard challenges defendant Racz's use of force against him on October 25, 2017 during a prior term of confinement in the Covington County Jail.

Pursuant to the orders of this court, the defendants filed a special report — including affidavits, jail records and a video recording of the incident at issue — addressing the claim for relief presented by Spenard. The evidentiary materials tend to belie the self-serving, conclusory allegations presented by Spenard. Specifically, the video recording does not support the factual allegations presented by Spenard.

In light of the foregoing, the court issued an order directing Spenard to file a response to the defendants' written report. Doc. 28. The order advised Spenard that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 28 at

2 (emphasis in original). Additionally, the order "**specifically cautioned [Spenard] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 28 at 2 (emphasis in original). The time allotted Spenard for filing his response expired on June 11, 2018. As of this date, Spenard has failed to file a response in opposition to the defendants' written report. Under the circumstances of this case, the court concludes that dismissal of this case without prejudice is appropriate.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Initially, the court finds that the imposition of monetary or other punitive sanctions against Spenard would be ineffectual. Moreover, Spenard's inaction in the face of the defendants' report and supporting evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by the plaintiff, demonstrate that no violation of the Constitution occurred. Thus, the court finds that any additional effort by this court to secure Spenard's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes that Spenard's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure

to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **July 30, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 16th day of July, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge